USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/9/10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

**CAROLYN SCHENK,**

**Plaintiff,**

**- against -**

**CITIBANK/CITIGROUP/CITICORP, et al.,**

**Defendants.**

---------------------------------------------------------X

**<u>MEMORANDUM OPINION AND ORDER</u>**

**10 Civ. 5056 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

Carolyn Schenk, proceeding pro se, brings this action against Citibank/Citigroup/Citicorp ("the Citibank defendants" or "Citibank") alleging discrimination due to her disability. Citibank now moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the facts alleged in the Complaint are insufficient to state a claim. For the reasons discussed below, Citibank's motion is granted.

## I. BACKGROUND[1]

---

[1] All facts are drawn from the Complaint, unless otherwise noted. Because this plaintiff is proceeding pro se, her pleadings must be considered under a more lenient standard than that accorded to "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). *Accord Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("Because [plaintiff] is a pro se litigant, we read his supporting papers liberally.") Moreover, plaintiff's

This action was originally filed on June 27, 2010, in New York State Supreme Court. After oral argument regarding plaintiff's request for a temporary restraining order to "unblock all blocks on her account," Justice Madden directed Citibank to temporarily reopen plaintiff's account, without determining the merits of her claim.[2] On July 1, 2010, Citibank removed the case to this Court, based on federal question jurisdiction.

Although Schenk's specific allegations of discrimination are not crystal clear, she generally alleges a violation of her rights as a "disabled/homebound" person.[3] Schenk contends that Citibank "tamper[ed], clos[ed] and block[ed]" her bank account, and that the "bank's policies and procedures need to be changed and updated to accommodate the disabled, etc."[4] Schenk includes the following excerpt from the Americans with Disabilities Act (the "ADA").[5]

---

pleadings must be "interpret[ed] . . . to raise the strongest arguments they suggest." *Id.* To the extent that the allegations in the Complaint were elaborated upon by plaintiff's statements during a teleconference before New York State Supreme Court Justice Joan A. Madden, such statements have been noted in this Opinion. *See* 6/22/10 Transcript ("Tr.").

2 *See* 6/23/10 Order of Justice Madden; Tr. at 18.

3 Complaint ("Compl.") ¶ 1.

4 *Id.* ¶¶ 1, 2.

5 42 U.S.C. § 12182(b)(2)(A) et seq.

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.[6]

Although not stated in the Complaint, it appears that plaintiff believes that Citibank is unwilling to make accommodations to allow her to withdraw cash from her bank account, in light of her disability and her difficulty in getting to her local Citibank branch.[7] In sum, plaintiff alleges that Citibank discriminated against her by refusing to change their "policies and procedures" in order to "accommodate the disabled."[8] Plaintiff seeks the "immediate opening of the checking and savings account that she maintained."[9]

---

6 42 U.S.C. § 12182(b)(2)(A)

7 *See* TR. 18:7-26.

8 Compl.

9 *Id.* ¶¶ 1, 2.

## II. LEGAL STANDARD

### A. Motion to Dismiss

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "accept as true all of the factual allegations contained in the complaint"[10] and "draw all reasonable inferences in plaintiff's favor."[11] However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12] To survive a motion to dismiss, therefore, the allegations in the complaint must meet a standard of "plausibility."[13] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] Plausibility "is not akin to a probability requirement," rather, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."[15]

---

10 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).

11 *Ofori-Tenkorang v. American Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006).

12 *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

13 *Twombly*, 550 U.S. at 564.

14 *Iqbal*, 129 S. Ct. at 1949 (quotation marks omitted).

15 *Id.* (quotation marks omitted).

In deciding a 12(b)(6) motion, the court may not consider evidence profferred by any party. Rather, the court is limited to reviewing the complaint, any documents attached to that pleading or incorporation in it by reference, any documents that are integral to the plaintiff's allegations even if not explicitly incorporated by reference, and facts of which the court may take judicial notice.[16] Judicial notice may encompass the status of other lawsuits in other courts and the substance of papers filed in those actions.[17]

**B. ADA**

The ADA was enacted by Congress to "provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities."[18] Title III of the ADA prohibits discrimination by private entities that provide public accommodations such as hotels, theaters, train stations, and banks.[19] In order to establish a prima facie case of discrimination under the

---

16 *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *Leonard F. v. Israel Disc. Bank*, 199 F.3d 99, 107 (2d Cir. 1999).

17 *See, e.g.*, *Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003); *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86-87 & nn.3 & 4 (2d Cir. 2000).

18 42 U.S.C. § 12101(b)(2).

19 *See id* §§ 12181-82 ("No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services,

ADA, a plaintiff must show that: (1) she is a qualified individual with a disability; (2) that the defendants are subject to the ADA; and (3) that she was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of her disability.[20]

The ADA further provides that discrimination by public accommodations includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."[21]

## III. DISCUSSION

Even given the lenient pleading standard accorded to pro se plaintiffs, the facts alleged in the Complaint are insufficient to make out a prima facie case

---

facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.")

[20] *See Powell v. National Bd. of Med. Exam'rs*, 364 F.3d 79, 85 (2d Cir. 2004) (citations omitted).

[21] 42 U.S.C. § 12182(b)(2)(A)(iii).

against Citibank. Schenk simply alleges, without any detail or factual enhancement, that she was discriminated against and that the "bank's policies and procedures need to be changed."[22] To the extent that her Complaint can be understood as alleging a violation of Title III, Schenk fails to claim—aside from conclusory statements—how Citibank failed to accommodate her disability.[23] In addition, Schenk has not properly pleaded her disability. Her Complaint fails to state what disability she has, and her conclusory statement that she is "disabled/homebound" is insufficient to survive this motion to dismiss.[24]

As for Schenk's request for the "immediate opening of the checking and savings account that she maintained,"[25] it is not clear whether Citibank has provided this relief. But because she has failed to state a claim under the ADA, Schenk's Complaint no longer raises a federal question.[26] As a result, any

---

22 Compl. ¶ 2.

23 However, itt appears from the teleconference before Justice Madden that Schenk's request for accommodation was for Citibank employees to personally deliver cash to her house. *See* TR. 9:7-24.

24 *See Aquino v. Prudential Life and Cas. Ins. Co.*, 419 F. Supp. 2d 259, 269 (E.D.N.Y. 2005).

25 Compl. ¶ 1.

26 A federal court has an independent duty to determine that it has subject matter jurisdiction and may raise the issue sua sponte. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

remaining claims are dismissed for lack of subject matter jurisdiction.[27]

A pro se plaintiff should be permitted to amend his or her complaint prior to its dismissal for failure to state a claim "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."[28] However, "it is well established that leave to amend a complaint need not be granted when amendment would be futile."[29] Because the allegations in this Complaint do not describe any violation of the ADA, there is no basis for granting leave to amend. Because granting leave to amend would not be productive, the Complaint is dismissed with prejudice.

## IV. CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is granted. The Clerk of the Court is directed to close this motion [Docket No. 8] and this case.

---

*Accord Kontrick v. Ryan*, 540 U.S. 443, 455, (2004).

[27] In the exercise of my discretion I also decline to exercise supplemental jurisdiction over any remaining state law claims.

[28] *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

[29] *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
December 9, 2010

**- Appearances -**

**Plaintiff (Pro Se):**

Carolyn Schenk
142 Crowell Avenue
Staten Island, NY 10314
(718) 815-7894

**For Defendants:**

Barry Jay Glickman, Esq.
Bruce Seth Goodman, Esq.
Zeichner Ellman & Krause LLP
575 Lexington Avenue
New York, NY 10022
(212) 223-0400